```
                   UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          Norfolk Division
```

**MILTON ORRETT COLE, #072-362-164**

        Petitioner,

v.                                                         2:07CV489

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.


## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### **I. STATEMENT OF THE CASE**

#### **A. Background**

Petitioner is a Jamaican national, who has been in the United States since 1994. On August 21, 2002, in the Circuit Court for the City of Norfolk, Virginia, petitioner was convicted of possession of more than five pounds of marijuana with intent to distribute. Petitioner was sentenced to seven years imprisonment, with five years suspended. On March, 20, 2003, petitioner was released on probation. On October 22, 2006, during a citizenship interview, petitioner was arrested when a Department of Homeland Security officer reviewed his criminal record. Petitioner has been in Immigration custody since October 22, 2006.

On October 29, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on December 7, 2007, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Ineffective assistance of counsel because counsel failed to properly inform petitioner of the pending sentence pursuant to his plea agreement and the consequences of his guilty plea on his immigration status;

2. Petitioner entered into his plea agreement unknowingly and involuntarily because counsel failed to inform petitioner of the true sentence he would receive under the agreement, as well as the certainty of deportation upon conviction; and

3. Petitioner is currently being held in violation of the Eighth Amendment without bond and under great physical pain and duress.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See

Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

3

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**C. Claims 1 and 2 are Barred by the Statute of Limitations**.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. See id. § 2244(d)(2).

In the present case, petitioner was convicted on August 21, 2002. Petitioner had thirty days to appeal his conviction, but he chose not to do so. Therefore, petitioner's time for seeking direct review expired on September 20, 2002, at which time, the federal filing

limitations period began to run. Although petitioner filed a writ of error <u>coram vobis</u> in the Norfolk Circuit Court on January 8, 2007, which was denied June 7, 2007, the writ did not toll the federal statute of limitations because the federal statute of limitations had already expired. Petitioner did not file his federal habeas petition October 29, 2007, well beyond the federal filing limitations period. Therefore, Claims 1 and 2 are barred by the statute of limitations.

Having found that petitioner's federal habeas petition is time barred, the Court must next determine whether to invoke the doctrine of equitable tolling to excuse petitioner for not filing within the limitation period. In applying the AEDPA, the Fourth Circuit and elsewhere have concluded that the time limitation codified in § 2244(d) is analogous to a statute of limitations rather than a jurisdictional bar. <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328-29 (4th Cir. 2000); <u>Brown v. Angelone</u>, 150 F.3d 370, 317-72 (4th Cir. 1998). Thus, under the appropriate circumstances, the judicial doctrine of equitable tolling may be invoked by petitioners whose claims are time barred by § 2244(d). <u>See</u> <u>Harris</u>, 209 F.3d at 329-30. Equitable tolling was developed to overcome injustices that may occur under a strict application of a statute of limitations. It is a "discretionary doctrine that turns on the facts and circumstances of a particular case [and] equitable tolling does not lend itself to bright-line rules." <u>Id</u>. at 330. In general, the doctrine of equitable tolling is available only under two circumstances: (1) where a petitioner is prevented from asserting his claims by egregiously wrongful conduct on the part of the respondent, and (2) where extraordinary circumstances beyond petitioner's control made filing impossible. <u>Id</u>. However, in applying equitable tolling specifically to § 2244(d), the Fourth Circuit has cautioned that the doctrine "must be

6

reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against a party and gross injustice would result." Id.

Review of petitioner's brief in support of his habeas petition and the exhibits petitioner provided reveals that this is not a case where equitable tolling should apply. Petitioner asserts that he was unable to comply with the statutory deadline for filing his habeas petition because he did not have effective assistance of counsel. Specifically, petitioner asserts that due to counsel rushing him to enter into a plea agreement, he entered into the plea agreement unknowingly and involuntarily. Additionally, petitioner asserts that counsel's assistance was ineffective because he failed to inform him about the "true sentence" that he would face and about the "certainty of deportation." Below, the Court will address the ineffective assistance of counsel claims to demonstrate that petitioner has failed to show that equitable tolling should apply to his case.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that

7

>counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

### 1. Ineffective assistance of counsel regarding Claim 1

Petitioner alleges that counsel was ineffective for failing to properly inform him of his possible sentence pursuant to the plea agreement and how the plea agreement would affect his immigration status. However, the record rebuts petitioner's allegation.

The plea agreement, and colloquy prior to the sentencing hearing, reveals that the recommended sentence was seven years imprisonment, with five years suspended. (Pet'r Ex. A.) Second, the plea colloquy reveals that petitioner entered the plea intelligently and knowingly. (Pet'r Ex. C.) Petitioner stated during the colloquy that he met with counsel three times before the plea agreement was entered, for a total of approximately three hours. (Pet'r Ex. C at 7.) During the meetings, petitioner discussed the evidence with counsel, and it was petitioner's decision to enter the guilty plea because he was, in fact, guilty. (Pet'r Ex. C at 7-8.) Petitioner stated that he understood that he had a constitutional right to a jury trial, and he waived that right. (Pet'r Ex. C at 8-9.) Additionally, petitioner indicated that he understood that despite the plea agreement, the court could sentenced him to the maximum statutory punishment of thirty years. (Pet'r Ex. C at 9-10.) Finally, petitioner acknowledged that the plea agreement accurately represented the agreement with the Commonwealth and that he was, in fact, the person that signed the agreement. (Pet'r Ex. C at 13-14.) This

9

Court agrees with the trial court that there is no "credible, objective evidence to show that [the] guilty plea was not freely, voluntarily, and intelligently entered."  (Pet'r Ex. E.)

### 2. **Ineffective assistance of counsel regarding Claim 2**

Petitioner alleges that his guilty plea was entered into unintelligently and involuntarily because counsel failed to inform him of the "true sentence" and failed to inform him of the collateral consequence of deportation.  This claim is essentially the same as Claim 1, and the above discussion regarding the sentence is sufficient to cover Claim 2.

Regarding the portion of Claims 1 and 2 alleging that counsel was ineffective because he failed to advise petitioner of the consequences of pleading guilty as an immigrant, the claims are without merit.  Many circuits have addressed the question and concluded that "deportation is a collateral consequence of the criminal process and hence the failure to advise does not amount to ineffective assistance of counsel."  United States v. Fry, 322 F.3d 1198, 1200-01 (9th Cir. 2003)(quoting United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993); see also United States v. Gonzalez, 202 F.3d 20 (1st Cir. 200); United States v. Yearwood, 863  F.2d 6, 8  (4th Cir. 1988).  Since plaintiff challenges his guilty plea solely on the basis of counsel's alleged failure to advise him of the deportation consequences of entering his guilty plea, he is not entitled to relief.  See Zigta v. Commonwealth, 562 S.E.2d 347, 349-50 (2002)(deportation resulting from a conviction is collateral consequence of the guilty plea, and the court's failure to inform defendant of the immigration consequences did not render his guilty plea involuntary).  This portion of petitioner's ineffective assistance of counsel claim is without merit because counsel's alleged failure to advise petitioner of the consequences of pleading guilty fails

under the standards set forth in Teague v. Lane, 489 U.S. 288 (1989) and Strickland. Accordingly, petitioner has failed to demonstrate that this is an instance where equitable tolling should apply. Both portions of Claims 1 and 2 are time barred and should be DISMISSED.

**D. Petitioner is not Entitled to Habeas Relief Regarding Claim 3**.

Petitioner alleges that his continued incarceration by the Department of Homeland Security is in violation of the Eighth Amendment because he is being held without bond and under pain and duress. To the extent that petitioner's claim challenges the conditions of his confinement, the claim must be raised under 42 U.S.C. § 1983, not in a habeas petition. See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). To the extent that petitioner's claim addresses his confinement by the Department of Homeland Security, the claim must be raised in a 28 U.S.C. § 2241 petition, not a § 2254 petition. The claim is improperly before the Court and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss/motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                /s/
                              **James E. Bradberry**
                              **United States Magistrate Judge**

**Norfolk, Virginia**

**April 30, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Rion Latimore, Esq.
    Latimore Esq. LLC
    2692 Madison Road, Ste. 310
    Cincinnati, OH 45208

    Robert H. Anderson, III, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

    Fernando Galindo, Clerk

By _____
        Deputy Clerk

_____, 2008