UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MILTON ORRETT COLE, #072-362-164

    Petitioner,

v.    2:07CV489

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on August 21, 2002, in the Circuit Court for the City of Norfolk, Virginia, for possession of more than five pounds of marijuana with intent to distribute, as a result of which he was sentenced to serve two years in the Virginia penal system. On October 22, 2006, during a citizenship interview, petitioner was arrested when a Department of Homeland Security officer reviewed his criminal record. Petitioner has been in Immigration custody since October 22, 2006.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on April 30, 2008. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the

Magistrate Judge. The Court received from petitioner on May 9, 2008, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and conclusions, the objections are without merit. Petitioner argues that he did not know his "true sentence" at the time of his plea, nor did he understand the possible immigration consequences. The "true sentence," that which was bargained for, was set out in the plea agreement, which petitioner signed. Nothing in petitioner's case could have been more clear, except the fact that petitioner understood the maximum possible sentence was thirty years. Petitioner entered his guilty plea because he received a specific benefit. The court sentenced him in accordance with the plea agreement, and petitioner was entitled to nothing more.

As for the immigration aspect of the case, petitioner is incorrect in asserting that he received ineffective assistance of counsel because counsel did not advise him of the possible need for immigration counsel. Petitioner's case was not an immigration case; it was a drug case. The presence, or absence, of immigration counsel had nothing to do with the right of the Commonwealth to try him on felony drug charges, nor could his immigration status keep him from being brought to trial.

Petitioner argues that his letter to the trial court, sent one month after sentencing, proves that he was not aware of the immigration consequences of his plea agreement. Petitioner's letter is of little value because it was not probative and merely reflects his complaints about his condition. Further, the letter ignores the fact that during the plea colloquy, petitioner stated that he understood his rights, that he was satisfied with the services of his counsel, and that he was entering the guilty plea because he was guilty of the offense. The letter to the trial court reflects post-plea regret, not innocence or ignorance of the consequences of his plea.

Petitioner is correct in one aspect: prejudice in guilty plea cases does focus on whether constitutionally ineffective performance affected the outcome of the plea process. In petitioner's case, it did not. Petitioner signed the plea agreement and the stipulation of facts, admitting to possession of marijuana. Further, he stated that his statements to the court were truthful. Petitioner must now live with his decision.

Finally, while the Court recognizes that petitioner has been in custody for a lengthy period of time while awaiting deportation, the fact remains that he pled guilty to a felony drug offense. Retention in custody, pending deportation, is, under the circumstances, not inappropriate.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing

of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to all counsel of record.

/s/ Walter Kelley
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

May 15, 2008